## Bodenstein et al. v. Dunning et ux.

*Edwin A. Howell,* for plaintiffs; *Edward D. McLaughlin,* for defendants.

BROOMALL, J., October 16, 1931.—The defendants ask for a new trial in this case, not because of any alleged error of the court during the trial, but because they allege that they have a good defense on the merits which was not presented at the trial, owing to the fact that they assumed that the case would not be tried, and, therefore, they had not their witnesses present at the trial.

When the case was first called before the president judge, defendants' counsel asked for a continuance on account of the alleged illness of Mrs. Dunning, one of the defendants, but the court considered the evidence as to her condition was not sufficient to justify a continuance on that ground; and, when the case was called thereafter, defendants' counsel had Mrs. Dunning present in court in order to convince the court that she was not able to be there for the trial. Admittedly, she herself was not a competent witness, and it is not suggested that anything occurred during the trial to make her competent. The only reason advanced in support of the pending motion is that her attorney assumed that the case would not be tried and, therefore, did not subpoena or have present any witnesses who could have testified in her behalf. It is not suggested that they were in any manner misled by anything that was done by the court or by counsel for plaintiffs, and their own misapprehension, which is chargeable entirely to themselves, is not a sufficient reason for granting a new trial: Dansenberg *v.* Touch, 30 Lack. Jur. 47.

While we believe the reason assigned is insufficient, it does appear by the pleadings that defendants have a complete defense if proven, and as the matter of a new trial is within the sound discretion of the court, we feel that a conditional order should be made which will protect the plaintiffs if they are successful in receiving a final judgment against defendants.

Therefore, October 16, 1931, if the defendants, within fifteen days, will pay the costs accrued to date and enter bail absolute for double the amount of the debt and interest claimed by plaintiffs, the motion for new trial is allowed and new trial granted, but if the costs are not paid and security entered within the time named, then the motion for a new trial is refused.

From William R. Toal, Media, Pa.